IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AARON MICHAEL LEWIS, )
)
Movant, )
)
v. ) Case No. 05-0381-CV-W-ODS
) Crim. No. 03-00387-01-CR-W-ODS
UNITED STATES OF AMERICA, )
)
Respondent. )

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF

Pending is Movant's request for postconviction relief pursuant to 28 U.S.C. § 2255. The motion (Doc. # 1) is denied.

In October 2003, Movant was charged with transporting stolen property in interstate commerce. He pled guilty and in March 2004 was sentenced to time served plus three years of supervised release. Approximately two weeks later, a warrant was issued for Movant's arrest because he violated various terms of his supervised release. In April 2004, Movant's supervised release was revoked and Movant was sentenced to twenty-four months in custody to be followed by an additional year of supervised release.

Movant did not appeal the revocation or resulting sentence. Instead, he filed the instant motion seeking postconviction relief. His primary argument is that the Court was not empowered to order an additional year of supervised release to follow his two years of incarceration. Movant's argument is flawed because it relies on an older version of the applicable statute.

The parties (and the Court) agree the maximum possible term of imprisonment for the violation of supervised release was two years. See 18 U.S.C. § 3583(e)(3). "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release and imprisonment." Id. § 3583(h). Thus, the statute clearly

permitted the Court to impose a term of supervised release following a term of imprisonment. In arguing to the contrary, Movant relies on an earlier version of the statute, which declared "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment *that is less than the maximum term of imprisonment authorized under subsection (e)(3),* the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." The italicized portion supports Movant's theory, but the italicized portion was removed in 2003.

Movant has abandoned his argument regarding the length of his sentence, leaving only his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"). There being no impropriety in the sentence imposed, Movant cannot satisfy the prejudice prong.

For these reasons, Movant's request for postconviction relief is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

DATE: August 17, 2005